UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

CHRISTOPHER COOLEY,

    Petitioner,

v.                                    24-CV-0774 (JLS)

M.A.B.,

    Respondent.

---

### DECISION AND ORDER

*Pro se* Petitioner, Christopher Cooley, is a prisoner incarcerated at the Erie County Holding Center. He has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1. In an order, dated September 16, 2024, Petitioner was granted thirty (30) days to file a motion to proceed *in forma pauperis*, that includes a completed prison certification, or to pay the $5.00 filing fee in accordance with 28 U.S.C. §§ 1914 and 1915(a)(2). Dkt. 2.

Petitioner was also directed to file an amended petition that complies with Rule 2 of the Rules Governing 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), and Title 28, United States Code, section 2243, because the Petition failed to "allege[] a deprivation of constitutional rights which

would entitle the [P]etitioner to be released from state custody." Dkt. 2, at 2–3 (quoting *U.S. ex rel. Holes v. Mancusi*, 423 F.2d 1137, 1141 (2d Cir. 1970)).[1]

Petitioner filed a motion to proceed *in forma pauperis*, Dkt. 4, which does not include a prison certification as required, *see* 28 U.S.C. § 1915(a)(2), and an Amended Petition that again does not comply with Habeas Rule 2.

## DISCUSSION

### I. FILING FEE OR MOTION TO PROCEED *IN FORMA PAUPERIS*

The filing fee for a petition for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914(a). Whenever a prisoner submits a petition for a writ of habeas corpus, the prisoner must either: (1) pay the filing fee or (2) seek leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1); Rule 3(a) of the Rules Governing Section 2254 Cases. The *in forma pauperis* motion must include an affidavit or affirmation establishing that the petitioner is unable to pay the fees and costs for the proceedings. It also must include a prison certification section, completed and signed by an authorized officer of the institution in which the prisoner is incarcerated, certifying both the amount presently on deposit in the prisoner's

---

[1] Petitioner was told that any amended petition must not contain the victim's name, may only refer to her by her initials, and must redact the victim's name from all documents. Dkt. 2, at 5. The amended petition does not include the victim's name or refer to her in any way. Dkt. 5.

inmate trust account and the prisoner's average account balance during the last six months.[2] 28 U.S.C. § 1915(a)(1)–(2); Habeas Rule 3(a)(2).

Here, Petitioner did not pay the $5.00 filing fee, and his motion to proceed *in forma pauperis*, Dkt. 4, did not include a prison certification of his inmate trust fund account. 28 U.S.C. § 1915(a)(1)–(2).[3] In fact, the form motion did not include the entirety of page 2, which includes the petitioner's signature, date, and prison certification section.[4] Petitioner has been informed of the minimum steps he must take to submit a proper *in forma pauperis* motion but has not complied with the Court's order. As a matter of discretion, the Court will provide Petitioner with one final opportunity to fix his error. Petitioner has until **November 27, 2024**, to either: (1) submit a new motion to proceed *in forma pauperis* that includes a completed and signed prison certification or (2) pay the $5.00 filing fee.

## II.   THE AMENDED PETITION

The Court's order, from September 16, 2024, advised Petitioner that his Petition did not comply with Habeas Rule 2 and 28 U.S.C. § 2243, and what his amended petition must contain, including: (1) identifying the "state-court judgment

---

[2] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation be mailed to the Petitioner. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

[3] The motion included an authorization form, *see* 28 U.S.C. § 1915(b), but that is not required for a petitioner seeking to proceed *in forma pauperis* in a habeas corpus petition. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996), *overruled on other grounds*, *Lindh v. Murphy*, 521 U.S. 320 (1997).

[4] The Court does not know if Petitioner failed to include it or why it is missing.

3

being contested[;]" (2) specifying "all the grounds for relief available to the [P]etitioner;" and (3) "stat[ing] the facts supporting each ground." Dkt. 2, at 2 (quoting Habeas Rules 2(b), (c)(1)–(2), (d)).

The Amended Petition again fails to comply with Habeas Rules 2(b), (c)(1)–(2), (d). It again is left mostly blank with the abbreviation "NA" (not applicable") set forth throughout the Petition. Dkt. 5, at 2–5. While it does state a ground (claim) for relief—unlike the original Petition—the claim is wholly conclusory and sets forth nothing to support the claim. The Amended Petition alleges only "over limitations time I've been incarcerated for 3 [years] with no decis[io]n." *Id.* at 6. This simply is not enough because it does not include any information necessary to the determination of the Petition. *See* Habeas Rule 2; *Holes*, 423 F.2d at 1141 (explaining that the reason the Habeas Rules require this information is because "the initial question presented to a district judge is whether the petition alleges a deprivation of constitutional rights which would entitle the petitioner to be released from state custody[,]" and "[t]his determination must be made upon the papers presented to the trial judge").

Because Petitioner is *pro se*, he will be provided one final opportunity to file another amended petition that complies with the Habeas Rules. If Petitioner files a second amended petition, he must fully complete the court-approved form that will be forwarded to him with this order and set forth each ground for relief and the facts supporting his claim(s).

4

Accordingly, the Court will not take any further action in this case unless Petitioner pays the filing fee, or re-files a motion to proceed *in forma pauperis* that includes a signed and completed prison certification, and Petitioner files a second amended petition by the deadline below, that complies with the Habeas Rules.

## CONCLUSION

For the reasons set forth above, the Clerk of Court shall administratively terminate this action without filing the Petition or assessing a filing fee. Petitioner's renewed application for leave to proceed *in forma pauperis*, Dkt. 4, is denied without prejudice. Petitioner is granted leave to reopen this case, no later than **November 27, 2024**, by submitting either: (1) the $5.00 filing fee or (2) a motion to proceed *in forma pauperis* that includes a completed and signed prison certification section.[5]

The Clerk of Court is directed to send an *in forma pauperis* motion form to Petitioner. If Petitioner timely submits either the $5.00 filing fee or a motion to proceed *in forma pauperis* with a signed and completed prison certification, the Clerk of Court shall reopen this case without further order.

Further, Petitioner must file a second amended petition, not later than **November 27, 2024**, as directed above. Petitioner must fully complete the form

---

[5] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened under the terms of this order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *see also McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

petition included with this order and comply with the requirements of Rule 2 of the Habeas Rules. Petitioner shall not include the victim's name in the amended petition and may only refer to the victim by her initials. He must redact the victim's name from any documents he attaches to the amended petition. Petitioner's failure to file a second amened petition as directed will result in the dismissal of this case.

SO ORDERED.

Dated:  October 28, 2024
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE